IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIMPO TEANG,

    Plaintiff,                        No. CIV S-11-0024 MCE DAD PS

    vs.

GMAC MORTGAGE LLC,

    Defendant.                     <u>ORDER TO SHOW CAUSE</u>

/

        The plaintiff in this matter is proceeding pro se with a civil action arising from a mortgage foreclosure. Plaintiff commenced the action in this court on January 4, 2011, by filing a lengthy complaint that alleges conclusory claims and demands extensive relief. Plaintiff paid the required filing fee, and the Clerk issued a summons as to the named defendant. The matter was referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21).

        On January 28, 2011, defendant filed a motion to dismiss plaintiff's complaint. The motion was properly noticed for hearing before the undersigned on March 18, 2011. On March 10, 2011, defendant filed a notice of plaintiff's failure to file opposition to the motion to dismiss. Plaintiff did not respond to the properly noticed motion or to defendant's notice of failure to file opposition. On March 18, 2011, the motion came before the undersigned for hearing. Eleanor M. Roman, Esq. appeared telephonically for defendant. No appearance was

1

made by or on behalf of the plaintiff.  In open court at the hearing, the court vacated the status conference set for May 6, 2011, and denied as moot counsel's motion for telephonic appearance.

Pursuant to the Local Rules of Practice for the United States District Court for the Eastern District of California, opposition, if any, to the granting of a motion "shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date."  Local Rule 230(c).  "No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."  Id. Failure to appear at the hearing of a properly noticed motion may be deemed withdrawal of any written opposition that was timely filed, in the discretion of the court, or may result in sanctions. Local Rule 230(i).  Failure of a party to comply with the Local Rules or any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Local Rule 110.  Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law.  Local Rule 183(a).  Failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules.  Id.

The court's docket for this case reflects that plaintiff has not filed any document with the court since the filing of his complaint.  Plaintiff has failed to comply with Local Rule 230 and has taken no steps to prosecute this action.  In light of plaintiff's pro se status and in the interests of justice, the court will provide plaintiff with an opportunity to show cause for the failure to file opposition and failure to appear at the hearing, and will grant plaintiff a final opportunity to respond to defendant's motion.

IT IS HEREBY ORDERED that:

1. Plaintiff shall show cause, in writing, no later than May 13, 2011, why sanctions should not be imposed for the failure to file timely opposition or a statement of non-opposition to defendant's motion to dismiss and for the failure to appear at the properly noticed hearing of the motion;

        2. Plaintiff's response to this order must be filed and served on defendant's counsel concurrently with a separate opposition or statement of non-opposition to defendant's motion to dismiss; if opposition is filed, it must address all arguments presented in defendant's motion;

        3. Defendant's reply, if any, to any opposition filed by plaintiff pursuant to this order shall be filed and served no later than May 27, 2011;

        4. Plaintiff's failure to file a written response to this order concurrently with opposition or a statement of non-opposition to defendant's motion to dismiss will be deemed a statement of non-opposition to the granting of the motion and will constitute grounds for imposing appropriate sanctions, including dismissal of this action for lack of prosecution. See Fed. R. Civ. P. 41(b);

        5. The status conference set for May 6, 2011 has been vacated; and

        6. Defendant's counsel was permitted to appear at the hearing telephonically, and the motion for leave to so appear (Doc. No. 9) has been denied as moot.

DATED: April 15, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.pro se\teang0024.osc